## Case No. 14,701.

### UNITED STATES v. BUTLER et al.

[4 Hughes, 512.]

Circuit Court, D. South Carolina. Dec. 6, 1876.

FELONIES, WHAT ARE—INDICTMENT AND INFORMATION—CONSPIRACY.

[The crime of conspiring to injure or intimidate citizens of the United States in the exercise of their civil rights is an infamous crime, which must be proceeded against by indictment, and not by information.]

[This was an information against A. P. Butler and others charging them with a violation of Rev. St. § 5508, which provides for the punishment of conspiracies to injure or intimidate citizens of the United States in the exercise of their civil rights. Heard on motion to quash the information.]

Before BOND, Circuit Judge, and BRYAN, District Judge.

BOND, Circuit Judge. In determining this motion we do not think it necessary to settle what conspiracy was an infamous crime at common law. for though in criminal matters the common law of England at the time of the making of the federal constitution must be looked to to determine the character of offenses which are described in the language of the common law, yet we think the statute under which this information is filed is sufficiently plain to determine this motion. In the first place, section 1022 of the Revised Statutes gives authority to file informations in all cases arising under chapter 7, tit. "Crimes Which are not Infamous," from which it is plainly to be inferred that chapter 7, in the judgment of the law-makers. describes some crimes which are infamous to which section 1022 did not apply. But in looking through that chapter there is no crime mentioned which can be thought infamous unless it be the one described in section 5508. under which this information is filed; for which the party convicted is not only to be fined and imprisoned but also to be disqualified ever thereafter from holding any place of trust and profit or honor under the laws of the United States, and is rendered ineligible to office. And in section 5509, it is provided that if in the course of violating section 5509 "any other felony" be committed which is another indication that in the mind of the legislature a felony had

before been described or at least an infamous crime. But again by section 5509 if upon the trial we find that in the course of violating section 5508 a murder or arson has been committed we are to punish the violation of section 5509, with the punishment the state law affixes to those crimes, does not that constitute the offense against section 5508, a capital offense, that being the punishment for murder in South Carolina? All criminal statutes are to be construed strictly and in favor of liberty. And we think there is no question that offenses under this section 5508 must be presented by a grand jury and can not be tried upon information.

[For a report of the trial of the indictment against the same parties, see Case No. 14,700].